IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CRST VAN EXPEDITED, INC., )
)
        Plaintiff, )
)
-vs- )   Case No. CIV-04-651-F
)
J.B. HUNT TRANSPORT, INC., et al., )
)
        Defendants. )

**O R D E R**

On April 1, 2005, the court heard arguments on plaintiff's motion to compel and motion to extend deadline for expert reports, filed on March 18, 2005 (docket entry no. 82). At the hearing, considerable discussion was had about the fact that another case is pending between CRST and J.B. Hunt in a federal court in Iowa, involving issues similar to the issues in the case at bar. It became apparent to this court at the April 1 hearing that, although this case was initially pleaded (at least with respect to the damage claims) as a case involving only a few drivers, the actual scope of the dispute between CRST and J.B. Hunt has evolved to the point that the dispute is now considerably broader and focuses more on alleged corporate practices than on any individual drivers or a small group of drivers. For that reason, but for the matters which are discussed in this order, the court's initial inclination, in ruling on the plaintiff's motion to compel (which, in part, sought an order compelling J.B. Hunt to produce a substantial quantity of records relating to drivers hired by J.B. Hunt), was to vacate the present scheduling order (which provides for an August, 2005 trial), grant the motion to compel as to Department of Transportation qualification

documentation and related correspondence as to drivers hired by J.B. Hunt on or after January 1, 2002, require production of the documents for inspection and copying by plaintiff not later than June 1, 2005, grant plaintiff leave to file an amended complaint not later than June 15, 2005, and set the case for trial, pursuant to a new scheduling order, in late 2005.  However, it became apparent at the April 1 hearing that, regardless of whether plaintiff prefers to proceed in one court or two courts (and if in one court, in Iowa or Oklahoma), the interest of judicial economy compels the conclusion that plaintiff should be permitted to prosecute claims for relief broad in scope only in one court and not in two courts.  It also became apparent at the hearing that none of the counsel present, either for plaintiff or for J.B. Hunt, were in a position to make representations to the court with confidence as to the form in which the records in question are maintained or, consequently, as to the mechanics of production and inspection.

By this order, the court advises the parties (and, if the parties so desire, the Iowa court) that it is prepared to permit the plaintiff to file an amended complaint in this case seeking relief sufficiently broad in scope that (whether the relief sought ultimately be granted or denied) the resolution of this case would effect a comprehensive resolution of the issues between CRST and J.B. Hunt with respect to the hiring of former CRST drivers.  However, the court is not inclined to compel broad discovery and permit expansion of the issues to be litigated in this case while keeping this case on a schedule for an August trial with the other litigation proceeding to a July trial in Iowa, with the ramifications of the outcome of that trial for this case in this court being unknown and undeterminable until perhaps very shortly before an August trial in this court.  That makes very little sense to this court.

Accordingly, the scheduling order in this case is **VACATED**.  This case will be set for a supplemental status and scheduling conference on the court's August,

2005 scheduling conference docket. Plaintiff is granted leave to file, not later than May 9, 2005, a supplemental brief in support of its motion to compel. The court grants this leave for the filing of a supplemental brief for the purpose of affording the plaintiff an opportunity to undertake such discovery as may be necessary in order to put the plaintiff in a position to reliably inform the court with respect to the form in which the driver hiring records in question are maintained and as to the logistics of production of those records for inspection and copying. Defendant J.B. Hunt is granted leave to file a response to plaintiff's supplemental brief not later than seven days after the date of filing of plaintiff's supplemental brief. Plaintiff is further directed to file with this court, not later than May 9, 2005, a report as to the status of the Iowa litigation, to which there shall be annexed copies of documents sufficient to clearly reflect the scope of the issues being litigated (and the relief being sought) in the Iowa litigation. Defendant J.B. Hunt is granted leave to respond to that report within seven days after the date of filing thereof. With the benefit of the filings provided for in this order, and with the further benefit of such motions as plaintiff may wish to file which, if granted, would impact the scope of the issues to be litigated in this case, the court may revisit the matter of scheduling in this case and may set this case for scheduling conference on a status and scheduling docket earlier than the August, 2005 status and scheduling docket.

DATED April 4, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0651p016.wpd