**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CRST VAN EXPEDITED, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-04-0651-F |
| J.B. HUNT TRANSPORT, INC., | ) |
| Defendant. | ) |

## ORDER

Before the court is defendant J.B. Hunt Transport, Inc.'s Motion for Summary Judgment (doc. no. 197). The motion was accompanied by a supporting brief (doc. no. 198) and a separate statement of undisputed material facts (doc. no. 199). Plaintiff, CRST Van Expedited, Inc., has responded to the motion (doc. no 220), and the motion is at issue.

The factual background of this litigation may be found in <u>CRST Van Expedited, Inc. v. J. B. Hunt Transport, Inc.</u> 2006 WL 335765 (W.D. Okla. 2006) ("Memorandum Opinion"), and will not be repeated here. The motion now before the court is, in large part, predicated upon legal contentions which are at odds with the court's legal conclusions as expressed in the Memorandum Opinion. Those conclusions are adequately stated and explained in the Memorandum Opinion and will not be repeated at length in this order.

Summary judgment is appropriate only if the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P. Because Hunt's motion fails as a legal matter, it is not necessary for the court to engage in a lengthy analysis of whether there is a significant controversy as to the facts upon which Hunt's arguments are based.

_____

In its motion, Hunt advances four arguments which are summarized as follows:

1. The driver contracts are personal services agreements, calling for services that are not unique or extraordinary, for which reason they may not be enforced by injunction.

2. The driver contracts create only an expectancy and are therefore protected only by the interference rules, including rules relating to privileges, that apply to business expectancies (as distinguished from contracts).

3. The competition between Hunt and CRST for drivers is privileged competition which is not actionable because Hunt does not engage in that competition by wrongful means.

4. CRST's driver contracts are illegal and contrary to public policy.

The court will address the four prongs of the motion in the order set forth above.

<u>First prong</u>.  The remedial limitations cited by Hunt apply where injunctive relief is sought against the employee.  Hunt's first argument is without merit because CRST does not seek injunctive restraint against any drivers in this action.  The preliminary injunction which has been granted by the court, and the permanent injunction sought by CRST, would not restrict CRST's drivers at all.  The injunctive relief sought in this action would do nothing to alter the consequences, for a CRST driver, which would otherwise flow from a decision by that driver to leave CRST during his primary term and accept an offer from Hunt.  *Cf.* Memorandum Opinion at \*14, n. 8.

<u>Second prong</u>.  The second prong of Hunt's argument is without merit because the driver contracts create existing contract rights, not mere expectancies.  Memorandum Opinion at \*12 - 13.  Applying the reasoning set forth in the cited portion of the Memorandum Opinion, the court anticipates instructing the jury as a matter of law to this effect.

<u>Third prong</u>.  Hunt's third argument, urging that it is entitled to judgment as a matter of law on the basis that it is privileged to compete for drivers, fails because that privilege is relevant – as Hunt acknowledges – only where the contract is terminable at will or unenforceable or voidable or merely creates a business expectancy.  Hunt brief, at 12.  The court concluded in the Memorandum Opinion that the driver contracts are not subject to these infirmities.  Memorandum Opinion at *12 - 13.

<u>Fourth prong</u>.  Focusing on the non-compete provisions of the driver contracts, Hunt argues that the contracts are "illegal and contrary to public policy" as determined under Oklahoma law.  Hunt brief, at 14 - 15.  As the court noted in the Memorandum Opinion, "[t]his is a red herring."  Memorandum Opinion at *14, n. 8.  The court adheres to the conclusion it reached in footnote 8 of the Memorandum Opinion.  CRST does not seek enforcement of the non-compete provisions of the driver contracts, and this action consequently does not require the court to address the legality of those provisions.  Hunt has cited nothing to support the proposition that a party to a contract, complaining of tortious interference by a third party, must, to prevail on the interference claim, establish the enforceability, against persons not before the court, of provisions not before the court.

For the reasons stated in this order and in the Memorandum Opinion, Hunt's Motion for Summary Judgment is **DENIED**.

Dated July 24, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0651p054(pub).wpd